**MS&B** McMANIMON · SCOTLAND · BAUMANN          75 Livingston Avenue, Roseland, NJ 07068 (973) 622-1800

**Michele M. Dudas**
Partner
Direct 973-721-5021
mdudas@msbnj.com

66905-0009

January 7, 2020

<u>Via ECF</u>
Honorable Kathryn C. Ferguson, Chief U.S.B.J.
United States Bankruptcy Court
402 East State Street
Trenton, New Jersey 08608

RE: **In re John Michael Walsh and Rosemary Joanne Walsh
Chapter 7 Case No. 19-13567 (KCF)
Motion of Thomas J. Orr, Chapter 7 Trustee, for Entry of Order (I) Compelling Debtors to Comply with Trustee's Requests for Information, Including Outstanding Requests of Rule 2004 Subpoena; (II) Compelling Turnover of Non-Exempt Assets; (III) Holding Debtors in Contempt for Failure to Comply with Terms of Prior Order Entered September 12, 2019; and (IV) Granting Related Relief
(Return Date and Time: January 28, 2020, at 10:00 a.m.)**

Dear Chief Judge Ferguson:

This firm represents Thomas J. Orr, Chapter 7 Trustee ("Trustee") for John Michael Walsh and Rosemary Joanne Walsh, Chapter 7 debtors ("Debtors"). Please accept this Letter Brief in lieu of a more formal brief in support of the Trustee's Motion to (I) compel the Debtors' compliance with the Trustee's requests for information, including outstanding requests of Rule 2004 Subpoena ("Subpoena"); (II) compelling turnover of non-exempt assets; (III) holding the Debtors in contempt for failure to comply with terms of prior Order entered September 12, 2019 ("Compel Order"); and (IV) granting related relief ("Motion").

## Background Facts

The Trustee specifically incorporates the facts from the Certification of his undersigned counsel ("Dudas Cert.") filed in support of the Motion. As this Court will recall, the Trustee previously filed a Motion to compel the Debtors' compliance with a Rule 2004 Subpoena ("Subpoena") and related information sought by the Trustee, after the Debtors advised that they refused to comply with any such requests absent order of the Court. The Trustee's Motion was granted by the Compel Order dated September 12, 2019 (Docket No. 70) (*see* Exhibit "*B*" to Dudas Cert."), and the Debtors were required to produce the following information by September 20, 2019 ("Document Deadline"):

Honorable Kathryn C. Ferguson, Chief U.S.B.J.
January 7, 2020
Page 2

1. Current valuation of Debtors' residence;
2. Listing of creditors paid more than $600 between November 15, 2018 and February 21, 2019;
3. Tax returns for 2017 and 2018;
4. Documentation of deposits made into Debtors' bank accounts of $5,800 on December 4, 2018 and $6,500 on January 4, 2019;
5. Documentation of transfers/payments between the Debtors and Walsh Legacy, LLC;
6. Documentation about payment of $252,541 to Chase Mortgage, including a Mortgage Discharge; and
7. Information about Merrill Lynch stocks.

Despite not having fully responsive information from the Debtors by the Document Deadline,[1] their Court-Ordered deposition took place on September 30, 2019, which led to more questions than answers as to their financial affairs. Additional information was requested at the depositions, based upon vague, unresponsive or allegedly otherwise unknown information by the Debtors. As a result, a formal request for additional information was requested.

After three (3) months of delay, after receiving piecemeal information (the majority of which is not for relevant time periods or is completely unresponsive to the Trustee's requests), the Debtors finally responded by letter "objecting" to the balance of the information sought (*see Exhibit "L"* to Dudas Cert.). There has been an intentional delay in producing the information, which has completely frustrated the Trustee's efforts to obtain information.

There are also various assets, some of which are undisclosed, which have not been claimed as exempt by the Debtors. Specifically, there are monies in bank accounts listed on Schedule B, for which the Debtors have not claimed any exemption for (as this Court will recall, original exemptions were struck by Order entered September 11, 2019 at Docket No. 66 [*Exhibit "A"* to Dudas Cert.]). Repeated requests have been made for the Debtors to either amend their Schedules B or C to reflect the assets as exempt, or turn over the assets to the Trustee. Despite this request being made over the course of the last several months, the Debtors have refused to comply. Therefore, it is respectfully requested that they be compelled to do so.

Finally, given the intentional and brazen refusal of the Debtors to comply with the prior Compel Order and additional requests made pursuant to the Rule 2004 examination, the Trustee requests a finding that the Debtors be found in contempt of this Court's prior Compel Order, and requests the imposition of sanctions based upon these intentional acts by the Debtors.

---

[1] Based upon the Debtors' refusal to provide information, the Trustee's counsel was forced to subpoena bank statements directly from Bank of America.

4853-2731-4352, v. 1

Honorable Kathryn C. Ferguson, Chief U.S.B.J.
January 7, 2020
Page 3

## Legal Argument

### A. Motion to Compel

Despite being previously ordered to produce information, the Debtors failed to produce all information required under the Compel Order. Moreover, additional information was requested at the Court-Ordered Rule 2004 examination on September 30, 2019, based upon the Debtors' testimony and information uncovered in the bank records that the Trustee's undersigned counsel was able to subpoena directly from Bank of America. Despite more than three (3) months having passed since the original deadlines in the Compel Order and request at the deposition, the Debtors recently advised that they refuse to comply with the Trustee's requests. At no time prior to this period of utter delay, have the Debtors moved to modify or vacate the existing Compel Order (there is no basis to do so), or sought a protective order.

The Trustee specifically incorporates the law relied upon in his original Motion to compel in further support of his position in the renewed request herein. *See*, generally, *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016); *In re Ecam Publications, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991); *In re Drexel Burnham Lambert, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991); and *Matter of Wilcher*, 56 B.R. 428 (Bankr. N.D. Ill. 1985).

Trustees are entitled to obtain information and the normal course is through a debtor's voluntary compliance. Plain and simple, these Debtors have attempted to intentionally thwart the Trustee's rights and obligations to obtain the information. What the Trustee has uncovered thus far, based upon his own independent obtaining of information from third parties, is an unexplained dissipation of assets, unclear financial picture, and tens of thousands of dollars paid for the benefit of the Debtors' adult son, "TJ" Eaton and adult daughter, "Johny" Walsh.

### B. Motion for Turnover of Non-Exempt Assets

Upon the filing of the bankruptcy petition, an estate comprised of the debtor's assets is created. *See* 11 U.S.C. § 541. The Supreme Court has given a broad and expansive interpretation of what constitutes property of the bankruptcy estate pursuant to section 541 of the Bankruptcy Code. *See U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 204-205 (1983). Pursuant to 11 U.S.C. § 541, a debtor's estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

In an action for turnover, the trustee must demonstrate by a preponderance of the evidence that: (1) the property is in the possession, custody or control of a non-custodial third party; (2) the property constitutes property of the estate; (3) the property is of the type that the trustee could use, sell or lease pursuant to section 363 or that the debtor could exempt under section 522; and (4) that the property is not of inconsequential value or benefit to the estate. COLLIER ON BANKRUPTCY, ¶542.02[1] (2010); 11 U.S.C. § 542(a); *see also Bailey v. Suhar (In re Bailey)*,

Honorable Kathryn C. Ferguson, Chief U.S.B.J.
January 7, 2020
Page 4

380 B.R. 486, 490 (B.A.P. 6th Cir. 2008); *Forman v. Joe, et. al. (In re Goo)*, 2008 WL 920318 at *5 (D.N.J. April 2, 2008).

On Schedule B to their petition, the Debtors have disclosed monies in bank accounts totaling $14,897. As this Court will recall, the claimed exemptions pursuant to 11 U.S.C. § 522(b)(3) were stricken by this Court (Docket No. 66). The Debtors have failed and refused to claim any exemptions for the bank accounts and, while the Trustee has reason to believe there are various other undisclosed assets of these Debtors, at a bare minimum should be compelled to turn over property of this Estate.

### C. Finding Debtors in Contempt and Request for Sanctions

Section 105 of the Bankruptcy Code grants a bankruptcy court power to take any action or make "any determination necessary or appropriate to enforce or implement court orders or rules...." 11 U.S.C. § 105(a). The purpose of section 105(a) is "to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." Collier on Bankruptcy ¶ 105.01, at 105-06 (15th ed. rev. 2004). "The bankruptcy court has the power to sanction parties for contempt." *In re Baker*, 195 B.R. 309, 316 (Bankr. D.N.J., 1996).

In order to establish civil contempt, a movant must demonstrate: "(1) that a valid order of the court existed; (2) that the [contemnor] had knowledge of the order; and (3) that the [contemnor] disobeyed the order." *Baker*, 195 B.R. at 317 (*citation omitted*). Notably, a finding of contempt does not require willful violation of the order. *In re Lands End Leasing, Inc.*, 220 B.R. 226, 234 (Bankr. D.N.J., 1998) (*citing Robin Woods, Inc. v. Woods*, 28 F.3d 396, 399 (3d Cir. 1994)).

The first requirement that the Trustee must meet to establish civil contempt is the existence of a valid order. In order to constitute a valid order, the terms of the order must be "specific and definite." *Baker* at 318. The Compel Order satisfies this requirement, as it clearly and definitely states the requirements of the Debtors and the deadline to complete the tasks. The unambiguous language of the Compel Order renders it valid.

The second requirement is that the contemnor have knowledge of the order. *Baker* at 318-19. The contemnor's knowledge of the order "must be sufficient to put him on notice of the proscribed conduct." *Id.* at 318 (*citing In re Village Craftsman, Inc.*, 160 B.R. 740, 748 (Bankr. D.N.J., 1993)). The Debtors, through their counsel were both served with the Motion to compel and the entered Compel Order. The Debtors were physically in Court when the unopposed Motion to compel was referenced. No less than three (3) demands were made for compliance, which were all ignored. Therefore, the Debtors had sufficient knowledge of the Compel Order.

The third and final element of civil contempt requires the contemnor to have violated the order at issue. *Baker* at 319. The Debtors violated the Compel Order by failing to produce

Honorable Kathryn C. Ferguson, Chief U.S.B.J.
January 7, 2020
Page 5

required documentation. Based upon this conduct, they should be held in civil contempt for their intentional violation of the Compel Order.

This Court "has the authority to impose various types of sanctions in response to civil contempt." *Lands End*, 220 B.R. at 234 (*citing Baker* at 320). It is appropriate under the circumstances for the Court to compensate the Trustee for the losses sustained as a result the Debtors' contempt. *See Lands End* at 234. Specifically, the Trustee should be awarded the attorneys' fees and costs associated with the filing and prosecution of the within Motion. The actions and inactions have forced this estate to incur additional and otherwise unnecessary fees. Based upon the time expensed seeking compliance with Compel Order, drafting the Motion and potential appearance at any hearing that may be scheduled, the Trustee requests reimbursement of a fee of $2,500. Said amount is reasonable and conservative, and does not cover the actual costs expended by the Trustee.

### Conclusion

Based on the foregoing, it is respectfully requested that the Motion be granted in its entirety, and such other and further relief as this Court deems just and equitable.

Respectfully submitted,

/s/ Michele M. Dudas

Michele M. Dudas

cc:   Anthony Scordo, Esq.
      Thomas J. Orr, Chapter 7 Trustee

4853-2731-4352, v. 1