**MCMANIMON, SCOTLAND & BAUMANN, LLC**
427 Riverview Plaza
Trenton, New Jersey 08611
(609) 695-6070
Andrea Dobin (adobin@msbnj.com)
Michele M. Dudas, Esq. (mdudas@msbnj.com)
*Attorneys for Thomas J. Orr, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>JOHN MICHAEL WALSH and ROSEMARY JOANNE WALSH,<br><br>                 Debtors. | Case No. 19-13567 (KCF)<br><br>Honorable Kathryn C. Ferguson, Chief U.S.B.J.<br><br>Chapter 7<br><br>**Hearing Date and Time:**<br>**February 11, 2020, at 10:00 a.m.** |

**REPLY CERTIFICATION OF MICHELE M. DUDAS, ESQ. IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER (I) COMPELLING DEBTORS TO COMPLY WITH TRUSTEE'S REQUESTS FOR INFORMATION, INCLUDING OUTSTANDING REQUESTS OF RULE 2004 SUBPOENA; (II) COMPELLING TURNOVER OF NON-EXEMPT ASSETS; (III) HOLDING DEBTORS IN CONTEMPT FOR FAILURE TO COMPLY WITH TERMS OF PRIOR ORDER ENTERED SEPTEMBER 12, 2019; AND (IV) GRANTING RELATED RELIEF**

**MICHELE M. DUDAS**, of full age, certifies as follows:

1.  I am a partner with the law firm of McManimon, Scotland & Baumann, LLC, counsel to Thomas J. Orr, the Chapter 7 Trustee ("Trustee") in the bankruptcy proceeding of John Michael Walsh and Rosemary Joanne Walsh (collectively, the "Debtors"). I submit this Certification in Reply to the opposition ("Opposition") filed by the Debtors to the Trustee's motion (the "Motion") for an Order (I) compelling the Debtors to comply with the Trustee's requests for information, including outstanding requests of a Rule 2004 Subpoena ("Subpoena"); (II) compelling the turnover of non-exempt assets; (III) holding the Debtors in contempt for their

failure to comply with the terms of a prior Order compelling production of information entered September 12, 2019 ("Order") (Docket No. 70); and (IV) granting related relief (the "Motion"), and in further support of the Motion. All facts and legal arguments set forth in the Motion are specifically reincorporated herein.

2. The Motion contained three components. First, seeking to compel the Debtors' to comply with information previously ordered by this Court, and information subsequently requested at the Debtors' Rule 2004 examinations. Second, the Motion sought to compel the turnover of the value of non-exempt assets of the Debtors, including, but not limited to, monies in bank accounts. Third, the Motion sought sanctions for the Debtors' blatant failure to comply with the information in the Order.

3. The original return date of the Motion was Tuesday, January 28, 2020. On Sunday, January 26, 2020, and Monday, January 27, 2020, the Debtors' counsel forwarded certain information which was not fully responsive to the outstanding information set forth in the Motion.

4. At no time prior to sending the e-mails in the two days within the return date of the Motion did the Debtors' counsel make any attempt to contact the undersigned to discuss the Motion. The Opposition was belatedly filed on the evening of January 27, 2020, at approximately 5:23 p.m., less than one (1) business day before the return date of the Motion contending, *inter alia*, that the Debtors had met their obligations.

5. At the return date of the Motion, Debtors' counsel requested an adjournment to give the Court the opportunity to review the Opposition and Trustee's counsel the opportunity to respond.

6. As a result, the Honorable Kathryn C. Ferguson, Chief United States Bankruptcy Judge, issued sanctions in the amount of $750 against the Debtors as a result of their belated adjournment request.

7. While the Debtors finally produced some additional information, there is still the following outstanding information[1]:

1. Bank Records:
   a. ~~Statements from January 2017 through February 2019 for any institution which bear the Debtor(s) name or which the control, including:~~
      1. ~~Any bank account which bear the Debtor(s) name or which they control, which may include, but are not limited to, TD Bank and/or additional Wells Fargo Bank accounts.~~ *The Debtors have claimed they have produced all bank account information and for purposes of this Motion, except as set forth below, the Trustee will accept this as true.*
   2. Identify the banking institution and provide statements from January 2017 through February 2019 for:
      i. ~~Account ending in -4048. This appears to be the account for Lynn P. Sherman. However, only November – December of 2016 was provided;~~
      ii. ~~Account ending in -0121 (while provided, it was not for the subject period);~~
      iii. Account ending in -3951; and
      iv. Account ending in -5573.
   3. Identify payee for all of the various monthly online transfers in Bank of American accounts (reference: Walsh).
2. ~~Tax Returns:~~ *For purposes of the Motion only, there were explanations provided by the Debtors' accountant regarding the information.*
   a. ~~2016 appears not to include all schedules. Please either produce or confirm it is the complete return;~~
   b. ~~Schedule B (Interest and Dividend Statement) from 2017 federal tax return, which was not included in copy provided; and~~
   c. ~~For 2018 federal tax return, explanation for:~~
      i. ~~Interest payments from Capital One and Metropolitan Life;~~
      ii. ~~Dividend payments from LPL Financial and Prudential.~~
3. Decedent Estates for Rosemary Walsh Parents. Please provide the following for each of Rosemary's parents' decedent estates:
   a. Last Will & Testament (or other similar document);
   b. Identity of Executor/Executrix;

---

[1] For the Court's ease of reference, the list of information included in my original Certification has been reincorporated herein, with the responsive information crossed out.

3

      c. List of current assets of Decedent Estate, including cash/bank balances; and

      d. Accounting of any distributions/disbursements made to Rosemary Walsh, and identity of which bank(s) the funds are maintained.

4. An accounting of any monies paid to or for the benefit of Timothy J. Eaton, as well as proof of reimbursement for any monies paid, from January 1, 2017 through the February 21, 2019 filing date.
5. An accounting of any monies paid to or for the benefit of Rosemary (Johny) Walsh from January 1, 2017 through the Filing Date.
6. ~~Closing Statement from December 2017 refinance~~.
7. Explanation for:
   a. July 7, 2017 $25,000 customer withdrawal from Bank of America;
   b. December 18 and 20, 2017, deposits by Urban Abstract in the amounts of $17,789.52 and $9,768.39, respectively;
   c. Identify funds utilized for March 23, 2019 withdrawal from Bank of America account in the amount of $15,000.
8. Backup documentation for Walsh Legacy, LLC ("Legacy") loan repayment of $6,500.
9. Riders to any insurance policies.

    8.    As is clear from above, there is still outstanding information from the Order, as well as the bulk of the outstanding information requested after vague testimony at the Debtors' Rule 2004 examinations conducted more than three (3) months ago.

    9.    Specifically, from the Order, the Debtors have not provided information relating to the transfers and payments made between the Debtors and Legacy, an entity solely owned by one or both of the Debtors. In fact, at the Rule 2004 examination of Mr. Walsh, an objection was originally interposed regarding the Trustee's line of questioning as it related to Legacy, because the entity was not in bankruptcy. While information relating to the company was explored during the deposition, no documents were produced. It would appear that the continued failure to produce information relating to Legacy is intentional.

    10.    In the Opposition, and without any authority whatsoever, the Debtors for the first time argue that a request for bank account information which the Debtors "***control*** is overbroad where the accounts are not in the names of the debtors but rather separate entities on which they

4

are signatories." First, the Debtors have not even identified which accounts they are referring to. Second, there are numerous transfers being made to bank accounts which the Debtors feigned ignorance as to the sources of the accounts. It is possible that they have transferred monies from their personal bank accounts into bank accounts which they control. The fact that they are signatories on the account warrant disclosure, as it provides a perfect mechanism for withholding information and assets from the Trustee.

11. The Debtors also argue that they should not be required to produce information for estate records where they were "simply a beneficiary" or because those decedent estates did not seek protection of the bankruptcy estate. The beneficiaries of these decedent estates are the Debtors who *did* seek Bankruptcy Court protection. Clearly, the plain language of Section 541(a) of the Bankruptcy Code would indicate these rights are assets of the bankruptcy estate.

12. The Opposition is silent as to the request for them to be compelled to turn over the monies in bank accounts listed on Schedule B to their petition. As such, it is requested that this relief be granted.

13. Finally, the request for sanctions relates to the Debtors' failure to comply with the Order, particularly as it relates to Legacy. They have caused the Trustee to incur unnecessary costs (including *three* court appearances) in seeking to obtain information he is entitled to review under the Bankruptcy Code and Rule 2004 of the Federal Rules of Bankruptcy Procedure. They have delayed for months, and have frustrated the entire process.

14. Based on the foregoing, it is respectfully requested that the Motion be granted.

I hereby certify that the above statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: February 7, 2020                              By:  */s/ Michele M. Dudas*
                                                                    MICHELE M. DUDAS

4814-6436-0628, v. 1