**McManimon, Scotland & Baumann, LLC**
427 Riverview Plaza
Trenton, New Jersey 08611
(609) 695-6070
Andrea Dobin (adobin@msbnj.com)
Michele M. Dudas, Esq. (mdudas@msbnj.com)
*Attorneys for Thomas J. Orr, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>JOHN MICHAEL WALSH and<br>ROSEMARY JOANNE WALSH,<br><br>Debtors. | Case No. 19-13567 (KCF)<br><br>Honorable Kathryn C. Ferguson,<br>Chief U.S.B.J.<br><br>Chapter 7<br><br>**Hearing Date and Time:**<br>**July 7, 2020, at 10:00 a.m.** |

CERTIFICATION OF THOMAS J. ORR, CHAPTER 7
TRUSTEE, IN SUPPORT OF MOTION FOR ENTRY OF AN
ORDER FURTHER EXTENDING TIME TO OBJECT TO
DEBTORS' DISCHARGE PURSUANT TO 11 U.S.C. § 727
AND FOR SANCTIONS

**THOMAS J. ORR**, of full age, certifies as follows:

1. I serve as the Chapter 7 Trustee in the bankruptcy proceeding of John Michael Walsh and Rosemary Joanne Walsh (collectively, the "Debtors"). I submit this Certification in support of my motion (the "Motion") for an Order extending the time to object to the Debtors' discharge pursuant to 11 U.S.C. § 727. I have personal knowledge of the facts set forth herein.

2. After a Chapter 13 proceeding filed by the Debtors at Case No. 18-32957 (KCF) was previously dismissed, the within Chapter 7 proceeding was filed on February 21, 2019 (Docket No. 1). I was appointed as Trustee on February 22, 2019 (Docket No. 3).

3. The Debtors' meeting of creditors was finally conducted on May 7, 2019. The original deadline to object to the Debtors' discharge was scheduled for May 24, 2019, which, along with other deadlines, was extended by Consent Order until July 31, 2019 (Docket No. 29).

4. On August 7, 2019, the Court entered an Order granting my Motion to Extend Time to Object to Discharge to October 31, 2019 (Docket No. 58). I had filed that motion (Docket No. 45) to enable me to have additional time to conduct an investigation of the Debtors' financial affairs, as the Debtors had caused several delays and ignored requests to produce certain documents.

5. Due to the Debtors' failure to respond or comply with document requests, I was forced to file a Motion to Compel Debtors' Compliance my Requests for Information and Rule 2004 Subpoena, which I filed on July 30, 2019 (Docket No. 53) ("Motion to Compel").

6. On September 12, 2019, the Court entered an Order granting the Motion to Compel. Since then, I have been trying to gain the Debtors' compliance with the Order, to no avail.

7. The deadline to object to the Debtors' discharge was extended two more times by Consent Order (Docket Nos. 81 and 85) to enable the Debtors to comply. The deadline to object to the Debtors' discharge then became March 31, 2020.

8. On March 5, 2020, the Court entered an Order which, *inter alia*, directed that the Debtors comply with the Trustee's requests for information and documents and held the Debtors in contempt for failure to comply with the terms of a prior order (Docket No. 98) (the "March 5, 2020 Order"). A copy of the March 5, 2020 Order is annexed as **Exhibit "A."**

9. The Debtors belatedly filed a Motion for Reconsideration of the March 5, 2020 Order. That motion was returnable on March 31, 2020, which was the same day as the then-current deadline to object to discharge.

10. Accordingly, on March 10, 2020, I filed yet another Motion to Extend Time to Object to Discharge. The Court granted my motion on April 1, 2020, extending the time to object to the Debtors' discharge to June 29, 2020 (the "Current Deadline").

11. Once again, the Current Deadline to object to discharge is approaching, and the Debtors have not complied with the March 5, 2020 Order.

12. On June 3, 2020, the Debtors produced the attached spreadsheet annexed as **Exhibit "B,"** purportedly showing transactions between Walsh Legacy, LLC ("Walsh Legacy") and the Debtors.

13. My counsel made additional inquiries, and on June 15, 2020, the Debtors produced bank statements for Walsh Legacy for 2016 and 2017. Upon information and belief, Walsh Legacy is an operating business and it is unclear why there are no bank statements from and after 2017.

14. As of this date, the following information remains outstanding:

1. Bank Records:
   a. Identification of the banking institution(s) and production of statements from January 2017 through February 2019 for:
      i. Account ending in -3951; and
      ii. Account ending in -5573.
   b. Identification of the payee for all of the various monthly online transfers in Bank of American accounts (reference: Walsh).
2. Decedent Estates for each of Rosemary Walsh's parents:
   a. Last Will & Testament (or other similar document);
   b. Identity of Executor/Executrix;
   c. List of current assets of Decedent Estate, including cash/bank balances; and
   d. Accounting of any distributions/disbursements made to Rosemary Walsh, and identity of which bank(s) the funds are maintained.
3. An accounting of any monies paid to or for the benefit of Timothy J. Eaton, as well as proof of reimbursement for any monies paid, from January 1, 2017 through the February 21, 2019 filing date.
4. An accounting of any monies paid to or for the benefit of Rosemary (Johny) Walsh from January 1, 2017 through the Filing Date.
5. Explanation for:

3

4842-9236-7808, v. 1

      a. July 7, 2017 $25,000 customer withdrawal from Bank of America;
      b. December 18 and 20, 2017, deposits by Urban Abstract in the amounts of $17,789.52 and $9,768.39, respectively;
      c. Identify funds utilized for March 23, 2019 withdrawal from Bank of America account in the amount of $15,000.

6. Other than the 2016 and 2017 spreadsheet and bank statements, additional information for Walsh Legacy, LLC, including alleged loan repayment of $6,500.
7. Riders to any insurance policies.

15. The Debtors have also failed to pay the sanctions previously awarded under the March 5, 2020 Order, or turn over the non-exempt monies in bank accounts.

16. The Debtors' blatant failure to comply with the March 5, 2020 Order is grounds for contempt, additional sanctions, and attorneys' fees. The Estate has incurred significant expenses extending the time to object to discharge and attempting to compel the Debtors' compliance with requests for documents and information and this Courts' Orders compelling same.

17. Accordingly, I am seeking yet another extension of the Deadline to allow me the time to fully review what the Debtors eventually produce pursuant to the March 5, 2020 Order and conduct a thorough analysis of the Debtors' financial affairs. Specifically, I am respectfully requesting that the Court grant an extension of the deadline to object to the Debtors' discharge for the Office of the United States Trustee and me from the Current Deadline through and including October 31, 2020.

18. Further, I respectfully request that the Court hold the Debtors in contempt, award me attorneys' fees and costs for the necessity of filing the instant motion, and sanction the Debtors' for the additional attorneys' fees and costs incurred, plus respectfully request a sanction of $100 per day for every day they remain in violation of the March 5, 2020 Order.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: June 16, 2020          By: _____
                                  THOMAS J. ORR

4842-9236-7808, v. 1