**McMANIMON, SCOTLAND & BAUMANN, LLC**
427 Riverview Plaza
Trenton, New Jersey 08611
(609) 695-6070
Andrea Dobin
Michele M. Dudas
*Counsel to Thomas J. Orr, Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>JOHN MICHAEL WALSH and<br>ROSEMARY JOANNE WALSH,<br><br>Debtors. | Case No. 19-13567 (KCF)<br><br>Honorable Kathryn C. Ferguson, U.S.B.J.<br><br>Chapter 7 |
| THOMAS J. ORR, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN MICHAEL WALSH and ROSEMARY JOANNE WALSH,<br><br>Defendants. | Adv. Pro. No. 20-_____ (KCF) |

**ADVERSARY COMPLAINT OBJECTING TO DISCHARGE PURSUANT TO 11 U.S.C. §§ 727 (a)(3), 727(a)(4)(D), 727(a)(5) AND 727(a)(6)(A)**

Thomas J. Orr, Chapter 7 Trustee ("Trustee" or "Plaintiff") by way of Complaint against Defendants John Michael Walsh and Rosemary Joanne Walsh, Chapter 7 debtors ("Debtors" or "Defendants") respectfully alleges as follows**:**

## JURISDICTION, VENUE AND THE PARTIES

1. This is a proceeding brought by the Trustee objecting to the Debtors' discharge pursuant to 11 U.S.C. §§ 727(a)(3), 727(a)(4)(D), 727(a)(5) and 727(a)(6)(A).

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This adversary proceeding is commenced pursuant to Federal Rules of Bankruptcy Procedure 7001(4) and (6).

6. The Trustee is a panel Chapter 7 Trustee in this jurisdiction and is the duly appointed Chapter 7 Trustee for the Debtors. The Trustee maintains and address of c/o Law Office of Thomas J. Orr, 321 High Street, Burlington, New Jersey 08016.

7. The Debtors are residents of the State of New Jersey with an address of 299 Medford Lakes Road, Vincentown, New Jersey 08088.

## ALLEGATIONS COMMON TO ALL COUNTS

8. The Debtors filed schedules in their bankruptcy case disclosing an ownership in property in North Carolina, their residence in Vincentown, New Jersey, vehicles, household goods and furnishings, cash, and monies in three (3) bank accounts (the "Assets"). According to the Schedules, the monies in the Debtors' bank accounts total $14,897.

9. As a result of certainly improperly claimed exemptions by the Debtors pursuant to 11 U.S.C. § 522(b)(3), on July 12, 2019, the Trustee moved to strike the Debtors' exemptions (Docket No. 44), which was granted by Order entered September 11, 2019 ("Exemption Order") (Docket No. 66).

10. On July 30, 2019, the Trustee moved to compel the Debtors' to comply with a Rule 2004 Subpoena ("Subpoena") and other requests made by the Trustee at and following their Meeting of Creditors pursuant to 11 U.S.C. § 341(a) (Docket No. 53), which was unopposed and granted by Order entered September 12, 2019 ("Compel Order") (Docket No. 70).

11. The Compel Order required the production of certain information by the Debtors by September 20, 2019 ("Compel Deadline"), and scheduled their depositions for September 30, 2019.

12. The Debtors failed to produce certain information by the Compel Deadline.

13. The Trustee's counsel issued a subpoena Bank of America and received information relating to certain bank accounts of the Debtors, which revealed numerous and significant payments to family members, namely the Debtors' adult children, Timothy J. Eaton (known as TJ) and Rosemary Walsh (known as Johny).

14. The Debtors were deposed on September 30, 2019 ("Examination"). The Debtors' vague responses resulted in the Trustee's counsel making requests for additional information, which requests were confirmed by various correspondence with the Debtors' counsel, including an initial letter dated October 8, 2019.

15. On January 7, 2020, the Trustee filed a Motion seeking an Order finding the Debtors in contempt for failure to comply with the Trustee's requests for information, including the Subpoena (Docket No. 87). This Motion was granted by Order entered March 5, 2020 (Docket No. 98) ("Contempt Order").

16. The Contempt Order required the production of bank records, inheritance records, complete tax returns, payments made to adult children, riders to insurance policies, and information relating to the Debtors' business, Walsh Legacy, LLC ("Business").

17. The Debtors filed an untimely Motion for Reconsideration (Docket No. 105) of the Contempt Order, which was denied by Order entered April 22, 2020 (Docket No. 111).

18. On June 16, 2020, the Trustee filed a Motion to extend the time to object to the Debtors' discharge, and for sanctions for failure to comply with the Compel Order and Contempt Order ("Sanction Motion") (Docket No. 113). The Debtors failed to object to the Sanction Motion; it was granted by Order entered July 7, 2020 ("Sanction Order") (Docket No. 115).

19. The Debtors belatedly objected to the Sanction Motion on July 13, 2020 (Docket No. 117) and filed a Motion for Reconsideration (Docket No. 118) on that same date. The second Motion for Reconsideration was denied by Order entered August 12, 2020 (Docket No. 123).

20. As of this date, the Debtors have failed to turn over non-exempt assets, and have failed to comply with the Compel Order, Contempt Order and Sanction Order (collectively, the "Orders").

21. The Sanction Order extended the time for the Trustee to object to the Debtors' discharge through October 31, 2020.

## COUNT I
## 11 U.S.C. § 727(a)(3)

22. The Trustee repeats and incorporates the allegations set forth above as if fully set forth at length herein.

23. The Debtors have concealed, destroyed, mutilated or failed to keep or preserve any recorded information, including books, documents, records and papers, from which the Debtors' financial condition or business transactions might be ascertained.

24. Such actions were not justified under the circumstances of the case.

25. The Debtors have intentionally refused to be forthcoming with information, and have willfully refused to comply with existing Orders of this Court, such that their financial condition cannot be ascertained.

26. Accordingly, the Court must deny the Debtors' discharge pursuant to 11 U.S.C. § 727(a)(3).

**WHEREFORE**, the Trustee requests the entry of a judgment denying the Debtors' discharge pursuant to 11 U.S.C. § 727(a)(3), awarding attorneys' fees and costs, and granting such other relief as is just and appropriate.

## COUNT II
## 11 U.S.C. § 727(a)(4)(D)

27. The Trustee repeats and incorporates the allegations set forth above as if fully set forth at length herein.

28. By failing to comply with the Trustee's requests for information, via Rule 2004 examination and the Orders entered by this Court, the Debtors have knowingly and fraudulently, in connection with their Chapter 7 case, withheld from the Trustee the recorded information, including books and documents, records and papers, relating to the Debtors' property and financial affairs.

29. The Debtors have failed to disclose information relating to the Assets.

30. The Debtors intended to defraud their creditors by preventing the discovery and recovery of the Assets that would otherwise be distributable to creditors in the instant bankruptcy case.

31. The failure to turn over information to the Trustee is material because this information is critical to the discovery and recovery of Assets that would otherwise be distributable to creditors in the bankruptcy case.

32. Therefore, the Debtors knowingly withheld from the Trustee, as an officer of the Estate, information relating to the Assets.

33. Accordingly, the Court must deny the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4)(D).

**WHEREFORE**, the Trustee requests the entry of a judgment denying the Debtors' discharge pursuant to 11 U.S.C. § 727(a)(4)(D), awarding attorneys' fees and costs, and granting such other relief as is just and appropriate.

### COUNT III
### 11 U.S.C. § 727(a)(5)

34. The Trustee repeats and incorporates the allegations set forth above as if fully set forth at length herein.

35. Throughout the course of this bankruptcy proceeding, including at the Meeting, Examination and in response to the Trustee's formal requests for information, the Debtors have failed to provide a satisfactory explanation as to the dissipation of Assets, including monies in bank accounts and status and accounting of their rights as beneficiaries to inheritance.

36. The Debtors have failed and refused to provide a satisfactory explanation regarding the loss of Assets or the deficiency in Assets to meet their liabilities.

37. Accordingly, the Court must deny the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(5).

**WHEREFORE**, the Trustee requests the entry of a judgment denying the Debtors' discharge pursuant to 11 U.S.C. § 727(a)(5), awarding attorneys' fees and costs, and granting such other relief as is just and appropriate.

## COUNT IV
## 11 U.S.C. § 727(a)(6)(A)

38. The Trustee repeats and incorporates the allegations set forth above as if fully set forth at length herein.

39. The Debtors have intentionally refused, in the case, to obey the Orders of this Court – specifically the Compel Order, Contempt Order and Sanction Order.

40. Accordingly, this Court must deny the Debtors' discharge pursuant to 11 U.S.C. § 727(a)(6)(A).

**WHEREFORE**, the Trustee requests the entry of a judgment denying the Debtors' discharge pursuant to 11 U.S.C. § 727(a)(6), awarding attorneys' fees and costs, and granting such other relief as is just and appropriate.

Dated: October 29, 2020

**McMANIMON, SCOTLAND & BAUMANN, LLC**
*Counsel to Thomas J. Orr, Chapter 7 Trustee*

By: _____*/s/ Michele M. Dudas*_____
ANDREA DOBIN
MICHELE M. DUDAS