**MS&B** McMANIMON • SCOTLAND • BAUMANN

75 Livingston Avenue, Roseland, NJ 07068  (973) 622-1800

**Michele M. Dudas**
Direct 973-721-5021
mdudas@msbnj.com

66905-009

February 19, 2021

**VIA ECF**
Honorable Kathryn C. Ferguson
United States Bankruptcy Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

      **RE:**    **In re John Michael Walsh and Rosemary Joanne Walsh**
             **Case No. 19-13567 (KCF)**

             **Opposition of Thomas J. Orr, Chapter 7 Trustee, to Debtors' Motion for Recusal of Honorable Kathryn C. Ferguson, U.S.B.J.**
             **(Return Date: March 2, 2021, at 10:00 a.m.)**

Dear Judge Ferguson:

      As you are aware, this firm represents Thomas J. Orr, Chapter 7 Trustee (the "Trustee") in the Chapter 7 bankruptcy proceeding of John Michael Walsh and Rosemary Joanne Walsh (the "Debtors"). Please accept this letter brief in lieu of a more formal brief in opposition to the Debtors' *Motion for Recusal* of Your Honor from the within Chapter 7 proceeding (the "Motion") (Docket No. 127). Consistent with the Debtors' past conduct and filings with this Court, the Motion is yet another example of a baseless and untimely filing by these Debtors. Counsel to the Trustee felt compelled to respond to respectfully request that the Motion be denied in its entirety.

      The within Chapter 7 proceeding was filed approximately two (2) years ago, on February 21, 2019 ("Filing Date"). As is evidenced by the docket, from and after the Filing Date, the Debtors have ignored their obligations as Chapter 7 debtors and have either completely ignored any deadlines for responding to pleadings or matters before this Court or responded with irrelevant arguments beyond the deadline to do so. At no time have the Debtors appealed any final decision of this Court in the main Chapter 7 case or the adversary proceeding filed by the Trustee against the Debtors objecting to their discharge at Adv. Pro. No. 20-1583 (KCF) ("Trustee Adversary Proceeding").[1] Despite the allegations made by the Debtors in the Motion, all Orders entered and

---

[1] The Debtors appear to have failed to timely respond to discovery in Adv. Pro. Nos. 19-1970 (KCF) and 19-1971 (KCF) filed by Fidelity National Title Ins. Co. and Chicago Title Insurance Co., respectively, which resulted in their Answers being stricken and Default Judgments having been entered. While appeals appear to have been filed in those matters, no meritorious defense appears to exist to overcome the Debtor's burden in prosecuting said appeals.

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge
February 19, 2021
Page 2

decisions rendered in this matter and the Trustee Adversary Proceeding are the result of a sound legal analysis compelled by the Debtors' actions. The Supreme Court has ruled that judicial rulings do not form the basis for a recusal motion. *Liteky v. United States*, 510 U.S. 540, 548 (1998).

      Rule 5004(a) governs the disqualification of judges in bankruptcy proceedings. First, timeliness of a motion for recusal is a factor in the determination as to whether a judge must be relieved. Actual knowledge of grounds for recusal may render a motion of untimely. *Ezekoye v. Ocwen Loan Serv., LLC (In re Ezekoye)*, 2006 WL 1683457 at *2 (3d Cir. June 20, 2006). Here, the Motion was filed two (2) years of the Filing Date. There is no valid reason for recusal articulated by the Debtors. As is evident from the docket and pleadings in this matter, the only basis for unfavorable decisions being rendered against the Debtors is their failure to properly interpose a valid defense to the various motions, or their blatant refusal to abide by this Court's prior rulings and deadlines. There are no specific instances of bias identified by these Debtors which would warrant the Motion being granted. Denial of the Motion is consistent with rulings in our jurisdiction. *See, e.g., In re Mondelli*, 2008 WL 234226 at **8-9 (Bankr. D. N.J. Jan. 24, 2008); *Raza v. Biase*, 2008 WL 682236 at **3-4 (D.N.J. Mar. 7, 2008); *Truong v. Kartzman*, 2006 WL 2786878 at *2 (D.N.J. Sept. 26, 2006). To the contrary, as is present here, Your Honor would have an affirmative duty to retain this matter when a movant fails to establish reasonable evidence of bias in a matter warranting recusal. *Tare v. Bank of Amer.*, 2008 WL 4372785 at *7 (D.N.J. Sept. 19, 2008).

      At no point have the Debtors timely appealed the outcome of any decision involving any relief sought by the Trustee, including the Trustee Adversary Proceeding.[2] Recusal is not designed to the change the outcome of the case. Each and every decision entered in favor of the Trustee is already a final non-appealable Order. Recusal will not affect the trajectory of this proceeding.

      For the foregoing reasons, the Trustee respectfully requests that the Motion be denied, and the Court provide such other and further relief as Your Honor deems appropriate.

      Respectfully submitted,

      */s/ Michele M. Dudas*

      Michele M. Dudas

cc:    Anthony Scordo, III, Esq. (via ECF)
      Thomas J. Orr, Chapter 7 Trustee (via ECF)

---

[2] In addition to serving the Debtors' counsel, each pleading filed in the Trustee Adversary Proceeding was also served directly on the Debtors.